UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAMZIDDIN S. TROWELL,

               Plaintiff,

-against-

CORRECTIONAL OFFICER FLEDAR,

               Defendant.

23-CV-9507 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who currently is detained at the North Infirmary Command ("NIC") on Rikers Island, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendant Correction Officer Fledar lost Plaintiff's $3,500 settlement check. By order dated October 31, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court dismisses this action for failure to state a claim.

## STANDARD OF REVIEW

      The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see* Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

*suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following facts are drawn from the complaint. On September 27, 2023, Correction Officer Fledar "came to my company 3 C-4 cell delivering mail[.] She handed me a settlement check and told me to sign the back of the check so she could deposit it into my inmate account[.]" (ECF 1, at 4.) Plaintiff signed the check and asked for a receipt; Fledar "stated that she would be right back with a receipt but she never came back." (*Id.*)

The following day, Plaintiff asked to see Fledar, and when she arrived, she asked, "What do I want?" (*Id.*) Plaintiff inquired about the receipt for his settlement check, and Fledar stated, "Oh yeah I'll be right back with that for you." (*Id.*) When Fledar returned an hour later, she stated that she attempted to deposit the check in Plaintiff's account but was unable to do so. She then suggested that Plaintiff either hold on to the check or mail it to his home address, handing Plaintiff "a stamped envelope to fill out." (*Id.*) She then "says I'll be right back with the check [and] le[ft] and never comes back." (*Id.*)

On September 29, 2023, Plaintiff asked to see "Officer Fledar . . . but was told that she didn't show up for work and that [nothing] could be done about the issues until she comes in to work." (*Id.*) The following day, Plaintiff again inquired about the settlement check, and Fledar stated that she did not "know where the check is [and] she said that it was on her desk." (*Id.*)

Plaintiff seeks $250,000 in money damages.

Plaintiff attaches to the complaint a tax return, showing that he received a payment of $3,500 as a class member in *Jones v. City of New York*, No. 17-CV-7577 (S.D.N.Y. July 12, 2023). He also attaches his grievance, filed with the New York City Department of Correction, seeking an investigation and return of his settlement check. In resolution of this grievance, the

Office of Constituent and Grievance Services proposed that a stop payment be placed on Plaintiff's check and a new check be issued that Plaintiff would "receive in 4-6 weeks." (*Id.* at 8.) Both Plaintiff and a grievance coordinator signed the form, which is dated October 6, 2023.

Plaintiff signed the complaint on October 1, 2023, but he states that he handed it to prison officials for mailing on October 5, 2023. The envelope in which he mailed the complaint is postmarked October 23, 2023.

## DISCUSSION

A claim for deprivation of property is not recognized in federal court if the relevant state court provides a remedy for the deprivation of that property. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Marino v. Ameruso*, 837 F.2d 45, 47 (2d Cir. 1988) (citations omitted). "[T]he availability of an action in the Court of Claims provides [an] adequate post-deprivation remedy for prisoners who claim deprivation of personal property by prison officials." *Jones v. Harris*, 665 F. Supp. 2d 384, 401 (S.D.N.Y. 2009) (describing procedure available to state prisoners). Thus, "even the intentional destruction of an inmate's property by a prison officer does not violate the Due Process Clause if the state provides that inmate with an adequate post-deprivation remedy." *Little v. Mun. Corp.*, 51 F. Supp. 3d 473, 499 (S.D.N.Y. 2014) (identifying that New York state law provides pretrial detainees with an adequate post-deprivation remedy, that is, Section 9 of the Court of Claims Act).

Here, Plaintiff's allegation that Fledar lost his settlement check does not state a federal claim. First, it appears, based on Plaintiff's own attachments, that Plaintiff was expected to receive a replacement check in November of this year. Second, if Plaintiff did not receive a replacement check, he must utilize the state court system by, for example, filing an action in the New York State Court of Claims, before seeking relief in federal court. Plaintiff does not allege that he utilized the state court system or, if he did, that such procedures are in any way

3

inadequate to address the loss of his settlement check. Plaintiff therefore does not state a claim on which relief may be granted and the Court dismisses the complaint.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:   January 8, 2024
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

4